STATE of Maine

v.

## Gerald GOODALE.

Supreme Judicial Court of Maine.

Argued Jan. 29, 1990.
Decided Feb. 26, 1990.

Phyllis Gardner (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Michael S. Popkin (orally), Augusta, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Gerald Goodale appeals from his conviction in the Superior Court (Somerset County, *Alexander, J.*) of murder. Defendant contends that the Superior Court erred by: (1) failing to consider his guilty plea to the lesser charge of negligent manslaughter; (2) concluding that the defendant killed intentionally; (3) denying defendant's motion for a new trial; and (4) imposing a "de facto" life sentence. Finding no error, we affirm the judgment.

Defendant was indicted for the offense of murder (17–A M.R.S.A. § 201(1)(A) (1983)). The matter was scheduled for a jury-waived trial and during opening argument, defense counsel offered to plead guilty to criminal negligence manslaughter. (17–A M.R.S.A. § 203(1)(A) (1983)). The presiding justice declined to consider the plea to the uncharged offense. Defendant now argues that, although the court was not obligated to accept the plea, the court was obligated to consider the plea. Defendant contends that the court should have conducted an inquiry pursuant to M.R.Crim.P. 11 and, if accepted, the plea should have been held in abeyance in the event that the evidence at trial was insufficient to convict of murder. Defendant cites no supporting authority for his unusual request and our research reveals none. We conclude that the Superior Court did not err in declining to consider the offer to plead to an uncharged offense.

Next defendant challenges the sufficiency of the evidence to establish an intentional killing. Defendant argues that because the presiding justice was uncertain

whether the victim was strangled by a choke hold or by a purse strap as the State contended, the evidence is insufficient to establish intent. Moreover, defendant moved for a new trial on the grounds that the court had convicted on the alternative factual theory of death by choke hold and fairness required a new trial in order to permit the defense to present evidence concerning that alternative. Neither argument has any merit. Uncertainty as to the precise method of strangulation does not diminish or negate the sufficiency of the evidence supporting the finding that the killing was intentional. Defendant did not present any newly discovered evidence and takes nothing from his motion for a new trial.

■ Finally, defendant argues that the sentence of 75 years imposed by the Superior Court is *de facto* a life sentence that is unjustified by sufficient aggravating circumstances. His argument is cognizable on direct appeal to the Law Court only if the illegality of the sentence appears plainly on the face of the record. *State v. Blanchard*, 409 A.2d 229, 233 (Me.1979). Defendant's sentence is within the statutory range of any term of years not less than 25 to life imprisonment for the offense of murder. 17–A M.R.S.A. § 1251 (Supp.1989); Defendant's claim of sentence illegality is premised upon the decision of the Appellate Division of the Supreme Judicial Court in *State v. Anderson and Sabatino*, No. AD–78–37, AD–78–40, 4 (Me.App. Div. June 30, 1980). The sentencing justice did acknowledge that defendant's case lacked the aggravating circumstances that would justify a life sentence under the guidelines established in that opinion. That fact alone, however, does not establish an illegality. The Appellate Division is a special tribunal created for the purpose of reviewing the *appropriateness* of criminal sentences. *See* 15 M.R.S.A. § 2142 (1980).[1] An inappropriate sentence is not necessarily an illegal sentence. Although it is possible that a sentence for a term of years could be the functional equivalent of a life sentence, we are not faced with such a situation in this case. The sentence before us, when objectively viewed, is not demonstrably the equivalent of a life sentence. The illegality of the sentence does not appear clearly on the face of the record. It is the function of the Appellate Division of the Supreme Judicial Court, rather than the Law Court, to determine whether the sentence is appropriate.

The entry is:

Judgment affirmed.

All concurring.

---

1. Subsequent to the entry of final judgment in these proceedings, the statutory provision for sentence review by the Appellate Division of the Supreme Judicial Court was repealed and replaced by provisions for direct appeal of sentence to the Law Court. P.L.1989, ch. 218. The current sentence review statute is codified at 15 M.R.S.A. §§ 2151–2157 (Supp.1989).