1998 ME 102

**STATE of Maine**

v.

**Gerald GOODALE.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 1997.

Decided May 11, 1998.

---

Andrew Ketterer, Attorney General, Charles K. Leadbetter, Asst. Atty. Gen. (orally), Fernand Larochelle, Asst. Atty. Gen., Augusta, for the State.

Joel C. Vincent (orally), Altshuler & Vincent, Portland, (new counsel on appeal), for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] The defendant Gerald Goodale appeals from the 75–year sentence imposed on him by the Superior Court (Somerset County, Alexander, J.) following his conviction for intentional or knowing murder in violation of 17–A M.R.S.A. § 201(1)(A) (1983). Goodale challenges the appropriateness of his 75–year sentence, labeling it as excessive in light of the nature and seriousness of his crime and the aggravating and mitigating factors peculiar to him. We disagree and affirm his sentence.

[¶ 2] In May 1989, at the conclusion of a three-day jury-waived trial, the court found Goodale guilty of murdering 23–year–old Geraldine Finn. In rendering this verdict, the court concluded that Goodale picked up Finn at a bar in Waterville, drove her to a secluded location near Skowhegan, attempted to, or did, sexually assault her, and intentionally or knowingly strangled her in order to overcome her resistance to the assault. Goodale, however, claimed both before and after the verdict that he did not sexually assault Finn but killed her accidentally while restraining her when she panicked. Following a thorough pre-sentence investigation and a June 1989 sentencing hearing, the court sentenced Goodale to 75 years in prison,[1] focusing on the nature and seriousness of Goodale's crime, his lack of remorse, and the court's obligation to protect the public. Although we upheld the legality of this sentence on his direct appeal, State v. Goodale, 571 A.2d 228, 229 (Me.1990), Goodale failed to file a timely appeal challenging the appropriateness of his sentence. On post-conviction petition, the court (Delahanty, II, J.) reinstated that right, and the Sentence Review Panel granted Goodale leave to appeal.

[¶ 3] Goodale's 1989 sentence of 75 years in prison was not inappropriate based on the nature and seriousness of his crime alone. The court found that Goodale randomly selected Finn for sexual activities or abuse and strangled her when she resisted. The court also found that Finn's death took at least three to four minutes to occur and was accompanied by a struggle. The violent strangulation of a randomly selected victim over at least three to four minutes when the victim was resisting a sexual attack and must necessarily have been aware of her impending death constitutes the kind of inhumanity and cruelty that justifies a period of incarceration in the range of 50 to 75 years.

[¶ 4] The aggravating factors peculiar to Goodale only serve to reinforce our conclusion that his 75–year sentence was not inappropriate. The court found that Goodale lacked remorse for his crime and that finding was not clearly erroneous. Further, Goodale continued to insist both before and after trial that his strangulation of Finn was an accident. Finally, the pre-sentence investigation revealed that Goodale had a criminal record and posed a poor prospect for rehabilitation. These aggravating factors, in combination with the nature and seriousness of the crime, justify a period of incarceration of 75 years.

[¶ 5] In State v. Wood, 662 A.2d 908, 913 (Me.1996), we affirmed a murder defendant's 65–year sentence as appropriate. The nature and seriousness of the crime and the aggravating factors peculiar to the defendant in Wood bear compelling similarities to the nature and seriousness of Goodale's crime and the aggravating factors he presented. Id. We are convinced that Goodale's 1989 sentence of 75 years in prison is not inappropriate.

The entry is:

Sentence affirmed.

---

1. The applicable deductions for good and meritorious ("extra") good time pursuant to 17–A M.R.S.A. § 1253(3), (4), and (5) (1983) effectively reduced Goodale's 75–year sentence to a term of 43 years, giving the 29–year–old defendant a projected release date in his early seventies.